UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| PETITIONER,   . | § | |
| | § | |
| v. | § | |
| | § | |
| APPROXIMATLEY $266,128.11 IN | § | |
| FUNDS FORMERLY ON DEPOSIT IN | § | JUDGE DAVID GUADERRAMA |
| WESTSTAR BANK ACCOUNT | § | |
| NUMBER 4190629 HELD IN THE | § | |
| NAME OF LESLIE ROBERT BURK | § | CIVIL ACTION NO. |
| d/b/a/ AMERICAN CONTAINER | § | |
| HOMES; and | § | |
| | § | EP19CV0015 |
| APPROXIMATLEY $10,000.00 IN | § | |
| FUNDS FORMERLY ON DEPOSIT IN | § | |
| WESTSTAR BANK ACCOUNT | § | |
| NUMBER 4162021 HELD IN THE | § | |
| NAME OF LESLIE ROBERT BURK | § | |
| d/b/a/ 3D MEDICAL PRINTING; | § | |
| | § | |
| RESPONDENTS. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, acting by and through the United States

Attorney for the Western District of Texas and the undersigned Assistant United States Attorney,

pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

## I.
## NATURE OF THE ACTION

This action is brought by the United States of America seeking forfeiture to the United

States of the property described below:

1. **Approximately $266,128.11 in funds formerly on deposit in WestStar Bank account number 4190629 held in the name of Leslie Robert Burk d/b/a American Container Homes (hereinafter referred to as, "Respondent Account 1"); and**

2. **Approximately $10,000.00 in funds formerly on deposit in WestStar Bank account number 4162021 held in the name of Leslie Robert Burk d/b/a 3D Medical Printing (hereinafter referred to as, "Respondent Account 2"),**

collectively referred to as the "Respondent Accounts."

## II.
## STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Accounts for the violation of Title 18 U.S.C. § 1343, and subject to forfeiture to the United States pursuant to Title 18 U.S.C. § 891(a)(1)(C).

**Title 18 U.S.C. § 981.  Civil forfeiture**
**(a)(1)**  The following property is subject to forfeiture to the United States:
* * *
**(C)**  Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or conspiracy to commit such offense.

## III.
## JURISDICTION AND VENUE

Under Title 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Accounts under Title 28 U.S.C. §§ 1355(b) and 1395(b).   Venue is proper in this District pursuant to Title 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to Title 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Respondent Accounts were seized in this District.

# IV.
## FACTS IN SUPPORT OF FORFEITURE

**Initial Investigation**

Pursuant to an investigation led by Federal Bureau of Investigations ("FBI") Special Agent Mallory R. Nebrich ("SA Nebrich"), it was revealed that Leslie Robert Burk ("Burk") along with his business partner Ethan Day ("Day") established a business called Atomic Container Homes, later doing business as American Container Homes ("ACH"), and claimed ACH would build homes and other structures out of shipping containers. ACH would request large payments from their clients, and claim the container homes were under construction. ACH would not complete the container homes, and/or would provide clients with a partially constructed container home. FBI's investigation revealed ACH kept clients' money, and kept supplies purchased by the clients, which were intended for the construction of their respective container homes.

SA Nebrich has identified approximately thirty-four victims of ACH who have wire transferred money, mailed checks, and provided supplies directly to ACH, and who have not received a container home. Through multiple interviews with victims, SA Nebrich discovered ACH promised their clients extremely affordable container homes, promised to secure all state permits, soil tests, supplies and labor. The victims would then sign a contract through DocuSign[1] with Burk and/or Day. After signing the contract, the victims would pay a deposit of approximately $6,800.00. ACH provided the wire instructions and account number via email. ACH would then start emailing each victims floorplans and schematics of what the victim believed would be their container home.

---

[1] DocuSign is a company that provides electronic signature technology and digital transaction management services for facilitating electronic exchanges of contracts and signed documents.

ACH would then demand that the victims transfer large sums of money in order to secure land, affordable materials, and/or other supplies. Some victims refused to pay the installments without first receiving updates on their container homes. ACH would then refuse to return deposits, supplies, and/or shipping containers that the victims purchased. ACH would also accuse many of the victims of being in breach of contract, and would threaten them with legal action. Several victims stated when they attempted to reach out to ACH for updates on the progress of their container homes, ACH would not return their calls or respond to their emails. SA Nebrich learned this information through interviews conducted with various victims, and by reviewing various email and text message exchanges. SA Nebrich also discovered through interviewing and reviewing records that ACH used different accounts to collect money from the victims throughout the pendency of the scheme.

On June 15, 2018, Burk filled out an application for Chapter 7, Voluntary Petition for Individuals Filing for Bankruptcy. On the application, Burk claimed that he did not have any checking or savings account, or cash. On July 30, 2018, SA Nebrich attended the public Chapter 7, 341 Bankruptcy hearing for Burk. Under oath, Burk claimed that Atomic Container Homes no longer existed as a company, and that his relationship with Day ended at the beginning of 2018. Burk also claimed that he had not had a bank account in over approximately one year. SA Nebrich identified four bank accounts associated with Atomic Container Homes and ACH that are, or had been, opened within the past year, therefore contradicting Burk's statement made at his bankruptcy hearing.

As of July of 2018, the total victim loss between several identified accounts is $2,088,661.00.

**Interviews**

### a) Vicitim-1

On July 26, 2018, SA Nebrich and another FBI agent telephonically interviewed a victim, hereinafter referred to as Victim-1 ("V-1").   V-1 stated he/she mailed two check totaling $16,000.00 to Burk's residence located at 2325 Hannah Leigh Street, El Paso, Texas 79936. Bank officials from WestStar Bank indicated these two checks were deposited into Respondent Account 1.  In addition to the checks being deposited into Respondent Account 1, V-1 deposited checks, which were meant for the purchase of supplies that were directly sent to ACH.  V-1 also provided a copy of an invoice showing payment to ACH for the delivery of the shipping containers for $1,925.00.

V-1 stated Day provided wiring instructions to him/her in November 2017, via email, for JP Morgan Chase account number xxxxx7631.  On April 3, 2018, Burk requested V-1 only deposit money into First National Bank account number xxxxx0327.  V-1 did not wire or deposit any money in the First National Bank account.  In early March of 2018, Burk complained to V-1 about having to pay for wire fees, and request that V-1 mail check to his residence instead.

SA Nebrich located a copy of a receipt from Lowes hardware store for $16,080.92.  The items listed on the receipt were windows intended for the production of V-1's shipping container home.

Burk informed V-1 that the first of three floors of his/her shipping container home was complete.  V-1 was led to believe that high-end materials including, IKB Marine Grade Enamel Paint, and expensive GigaCrete insulation were used in the construction of his/her container home.

5

V-1 stated Burk demanded more money for the construction of the container home, without providing promised updates and photos of the progress of the container home. The estimated date for the completion of the container home was February 15, 2018.

In May of 2018, V-1 refused to send Burk any more money until he/she was provided with some sort evidence showing that the first floor was actually completed. Burk then requested $24,000.00 to release the partially completed home, and V-1 would have to coordinate and fund the transportation of the partially completed container homes.

ACH's attorney Bill Cummings ("Cummings") of Cummings and Associates in Costa Mesa, California, assured V-1 that the first floor was complete. Moreover, Cummings assured V-1 that the plumbing and electrical work were installed in all three floors. After being assured by Cummings, V-1 paid the additional $24,000.00 to release the container homes.

Upon receipt of the container homes, V-1 discovered that the aforementioned high-end supplies purchased for the container homes were not used in the construction. Approximately twenty percent of what V-1 received in the container homes was structurally unusable. In addition, V-1 only received six of the seven shipping containers he/she purchased. The paint used on the exterior of the shipping containers was an interior latex paint that was peeling off the shipping containers when V-1 received them from ACH. The electrical wiring was only installed on the first floor and the plumbing for the bathroom and kitchen fixtures had been attached to the wall, but had not been connected to any pipes on the opposite side. V-1 believed GigaCrete insulation was installed in the shipping containers, which is what he/she had initially paid for, but when the containers were received, he/she discovered ACH used Foam Control Plus+250 and not GigaCrete EPS foam.[2] V-1 provided images of the partial insulation used on

---

[2] GigaCrete uses one continuous sheet of pre-cut Insulated EPS Panel System Foam that is connected with steel stud components.

his/her shipping containers to SA Nebrich.   SA Nebrich saw that the foam used was not

GigaCrete EPS foam, and had gaps in between sheets as large as eighteen inches.  The foam was

not connected with steel and steel studs, but instead was connected with large gaps of wood.

V-1 stated he/she has mailed checks to Burk, transferred money from his/her JP Morgan

Chase account ("Chase Account"), and purchased supplies, which were sent directly to ACH to

be used for the construction of the container home, totaling approximately $410,000.00.

V-1 provided the payment origins, dates and amounts of the following:

| Payment Origin | Date | Amount |
| --- | --- | --- |
| Chase Account transfer into Respondent Account 1 | 11/10/2017 | $17,700.00 |
| Chase Account transfer into Respondent Account 1 | 12/4/2017 | $26,700.00 |
| Chase Account transfer into Respondent Account 1 | 12/11/2017 | $15,350 |
| Chase Account transfer into Respondent Account 1 | 1/23/2018 | $2,000.00 |
| Chase Account transfer into Respondent Account 1 | 1/23/2018 | $1,800.00 |
| Check mailed and deposited into Respondent Account 1 | 4/10/2018 | $8,000.00 |
| Check mailed and deposited into Respondent Account 1 | 4/16/2018 | $8,000.00 |
| **Total Amount Paid** | | **$79,550.00** |

## b) Employee-1

On July 31, 2018, SA Nebrich telephonically interviewed an accountant with Marine

Fishing International ("MFI"), hereinafter referred to as Employee-1 ("E-1").  E-1 stated MFI

ordered twenty shipping containers from ACH to be built into container homes, to be used as

bunkhouses in Whittier, Alaska.  MFI transferred a total amount of $475,000.00 into Respondent

Account 1 for the twenty shipping containers.  MFI received the bunkhouses from ACH, but did not receive the required letters of compliance for occupancy.  E-1 stated ACH was "holding the certifications hostage," and would not release them until MFI paid more money for the future order of fifteen additional bunkhouses to be constructed.  As of August 2018, MFI has paid $326,631.35 for the fifteen additional bunkhouses; MFI had been inspecting the twenty bunkhouses received from ACH, but they were still deemed uninhabitable until the certificates were provided by ACH.  In total, MFI has wire transferred $801,631.35 into Respondent Account 1.

E-1 stated MFI wire transferred all payments into Respondent Account 1.  E-1 provided SA Nebrich with a spreadsheet indicating the following information of payments and dates that were wire transferred into Respondent Account 1.

| Invoice | Date Paid | | | Amount |
|---|---|---|---|---|
| 1269424M | 3/29/2018 | 20 Units | WT | $166,075.00 |
| | 4/10/2018 | | WT | $51,404.16 |
| | 4/16/2018 | | WT | $51,404.16 |
| | 4/24/2018 | | WT | $51,434.16 |
| | 5/2/2018 | | WT | $51,374.16 |
| | 5/8/2018 | | WT | $51,404.16 |
| | 6/21/2018 | | WT | $51,404.20 |
| **Total Amount** | | | | **$474,500.00** |

| Invoice | Date Paid | | | Amount |
|---|---|---|---|---|
| 1269424R | | 15 Units | WT | $178,163.00 |
| | | | WT | $29,693.75 |
| | | | WT | $59,387.30 |
| | | | WT | $29,693.65 |
| | | | WT | $29,693.65 |
| **Total Amount** | | | | **$326,631.35** |

b) **Employee-2**

On July 31, 2018, SA Nebrich telephonically interviewed a Regional Plant Manager at MFI, hereinafter referred to as Employee-2 ("E-2"). E-2 stated MFI needed to purchase thirty-five bunkhouses for employees at the MFI plant located in Whittier, Alaska. He/she continued by stating that the bunkhouses were required to meet "Alaska standards" in order to receive approval from the Alaskan Fire Marshal. The required document that MFI needed to prove the bunkhouses did meet the "Alaska standard" would have been an architectural drawing of the bunkhouse with an engineering stamp from the engineering firm ACH should have contracted. The architectural drawing was required before construction of the bunkhouses could begin.

E-2 requested, from Burk, a copy of the drawing with the stamped approval by the engineering firm that ACH contracted after receiving the first twenty shipping containers. Burk ignored E-2's request for the drawing for approximately two months. Burk then told E-2, in addition to the $801,631.35 that ACH received for the thirty-five bunkhouses, MFI would have to pay $4,500.00 for the release of the stamped drawing.

E-2 stated MFI has been in business for approximately thirty-five years, and in that time has never had to pay for architectural drawings for a purchased product. E-2 requested that Burk provide the name of the engineering firm ACH contracted, and Burk refused the request. Burk then told E-2 that the price for the release of the stamped drawings would be $24,000.00.

E-2 stated that the twenty bunkhouses MFI received from ACH were uninhabitable.  As a result, MFI was unable to house employees for the 2018 salmon season, and lost additional revenue.  As of August 2018, MFI has received twenty bunkhouses that had not yet passed inspection by the Alaskan Fire Marshal, and they had not received the additional fifteen bunkhouses they paid ACH $326,631.35 to construct.

E-2 stated he/she had not been able to establish contact with Burk.  E-2 was able to locate a number for ACH on the ACH website (www.containerhome.center), and spoke with Day.  Day informed E-2 that he would contact Burk, get a copy of the drawings, and forward them to MFI.  Since the conversation with DAY, E-2 never received a response or a copy of the drawings.

### c) MFI Legal Counsel

As of October 25, 2018, SA Nebrich has received emails from MFI's legal counsel updating the information provided by E-1 and E-2.

Between August and October 2018, MFI Legal Counsel was able to determine the name of the engineering firm who created the stamped engineer plans.  MFI was required to pay approximately $11,000.00 to obtain the stamped engineer plans.  These plans were then provided to EIC Engineers, Inc. ("EIC") located in Anchorage, Alaska to facilitate the inspection of the shipping containers.

As of October 25, 2018, MFI has received 26 of the 35 shipping containers they ordered.  All shipping containers were inspected by EIC, who identified 13 Code Issues and Violations with the electrical in the shipping containers.  EIC Engineers conclusion stated:

> "In review of the module construction and existing electrical system
> under our original scope of work.  The electrical installations and work
> observed is of poor craftsmanship and does not meet current nationally

adopted code requirements.  Much of the existing electrical installation within each module need to be replaced and/or re-worked to ensure the module electrical systems are safe, code compliant, and reliable."

SA Nebrich is awaiting a cost breakdown from MFI of what it would cost to ensure the shipping containers are inhabitable.

## Chapter 7, Bankruptcy Hearing

One June 15, 2018, Burk filled out an application for a chapter 7, Voluntary Petition for Individuals Filing for Bankruptcy.  SA Nebrich has since reviewed the application.  In the application, Burk indicated he had used the business names Atomic Container Homes, Inc. ("Atomic") and Quantum Stealth Technology ("Quantum") within the past eight years.  Burk claimed on the application that he had 1 – 49 creditors, and owed approximately $0 - $50,000.00 to the creditors.  Burk listed six creditors he owed money to on his application.  At the time Burk submitted the application, he claimed he did not have any checking accounts, saving accounts, or cash.

On July 30, 2018, SA Nebrich was present for the public Chapter 7, 341 bankruptcy hearing for Burk.  At the hearing, Burk provided the United States Trustee a copy of his driver's license and social security card, and was sworn under oath prior to the commencement of the hearing.

During the hearing, Burk stated Atomic Container Homes no longer existed as a company, and his business relationship with Day ended at the beginning of 2018.  Burk stated he currently works for ACH as a production manager, and claimed his son, Daniel Almaraz ("Almaraz"), is the owner of ACH.  Burk also stated, before the court, that ACH has no affiliation with Atomic Container Homes.

11

Burk stated he had no bank accounts, and that ACH pays him once a week in cash. Burk stated he received approximately $4,050.00 a month from ACH in various denominations of cash in an envelope. Burk claimed he does not deposit the money into any bank accounts, because he has too many creditors after him. Instead, Burk claimed he purchases money orders from Walmart with the cash ACH pays him. Burk stated he has not had a bank account in approximately one year, and any bank accounts associated with Atomic Container Homes were closed. To date, SA Nebrich has identified four bank accounts associated with ACH and Atomic Container Homes that are open or were opened within the past year. Burk stated he made $52,000.00 a year with ACH in both 2016 and 2017. Burk also claimed he did not know of any current contracts held by ACH, and estimated there were three to four projects being worked on by ACH. When asked what companies the projects are for, he did not state any. When asked about a company with the name of 3D Medical Printing registered under his name, Burk stated he and Almaraz started the company but did not have the means to continue the business.

SA Nebrich conducted research on www.containerhome.center, ACH's company website at www.whois.com,[3] and discovered it was registered on February 15, 2015 with Network Solutions, LLC. The registrant contact listed is Leslie Burk, email address lburk@klinenm.com. The contact registrant address is 3233 Tomahawk Street, El Paso, Texas 79936, which is Burk's prior residence. The telephone number (915) 433-4817, which was listed as ACH's business phone number on www.whois.com, was the same phone number provided on ACH's company website. SA Nebrich reviewed www.containerhome.center before and after ACH changed their business name from Atomic to ACH, and it appears the companies are one in the same as the

---

[3] Whois.com is a query and response protocol that is widely used for querying databases that store the registered users or assignees of an Internet resource, such as a domain name, an IP address block or an autonomous system, but is also used for a wider range of other information.

website has not changed.  SA Nebrich also identified both Burk and Day using both Atomic and ACH in email correspondences since October of 2017.

**Seizure of the contents in Respondent Accounts**

Bank officials at WestStar Bank confirmed that Respondent Account 1 was opened on March 12, 2018 with a cash deposit of $300.00.  On June 26, 2018, the account balance was $467,253.53, and as of July 31, 2018, the balance was $266,128.11.

On July 31, 2018, SA Nebrich provided a freeze letter, obtained by Assistant United States Attorney Antonio Franco, Jr., to WestStar Bank for Respondent Account 1.

On August 3, 2018, SA Nebrich provided WestStar Bank with a seizure warrant, signed by United States Magistrate Judge Miguel A. Torres, for the contents of Respondent Account 1. Subsequently, WestStar Bank provided SA Nebrich with a cashier's check bearing check number 5385604 in the amount of $266,128.11 made payable to the United States Marshals Service, on August 7, 2018.

On July 19, 2018, Burk opened Respondent Account 2 with a wire transfer of $10,000.00 from Respondent Account 1.  Since the opening of Respondent Account 2, no deposits or withdrawals have been made to or from that account.

On August 3, 2018, SA Nebrich provided WestStar Bank with a seizure warrant, signed by United States Magistrate Judge Miguel A. Torres, for the contents of Respondent Account 2. Subsequently, WestStar Bank provided SA Nebrich with a cashier's check bearing check number 5385603 in the amount of $10,000.00 made payable to the United States Marshals Service, on August 7, 2018.

Based upon the foregoing, the Respondent Property is subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), as property involved in violation of Title 18 U.S.C. § 1343.

# V.
## **PRAYER**

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the contents in Respondent Accounts, that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed,[4] that a warrant for an arrest in rem be ordered, that the contents in Respondent Accounts be forfeited to the United States of America, that the contents in Respondent Accounts be disposed of in accordance with the law, and for any such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

JOHN F. BASH
United States Attorney for the
Western District of Texas

By: _____

Kristal M. Wade
Assistant United States Attorney
New Mexico Bar No. 8204
700 E. San Antonio Ave., Suite 200
El Paso, Texas 79901
Tel: (915) 534-6884
Fax: (915) 534-3461

---

[4]Appendix A, Notice of Complaint of Forfeiture, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Property.

## VERIFICATION

Special Agent, Mallory R. Nebrich, declares and says that:

I am a Special Agent with Federal Bureau of Investigations, assigned to the El Paso Field Office, and I am the investigator responsible for the accuracy of the information provided in this complaint.

I have read the above Verified Complaint for Forfeiture and know the contents thereof based upon my personal participation in the investigation, my conversations with others, and my review of documents and other evidence. Based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true and correct. Because the Verified Complaint is being submitted for the limited purpose of stating sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial, it does not contain every fact known by me or the United States. Where the actions, conversations, and statements of others are related therein, they are related in substance and in part, unless otherwise stated.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this the 14th day of January, 2018.

Special Agent Mallory R. Nebrich
Federal Bureau of Investigations

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

EP-19-CV-15-DCG

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
$266,123.11 and $10,000.00 in funds formerly on deposit in WestStar Bank Accounts held in the name of Leslie Robert Burk d/b/a American Container Homes and 3D Medical Printing

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kristal M. Wade, Assistant United States Attorney
700 E. San Antonio, Suite 200
El Paso, Texas 79901   (915) 534-6884

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☒ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation | | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. §§ 981(a)(1)(C)

Brief description of cause:
Wire Fraud (18 U.S.C. § 1343)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
01/15/2019

SIGNATURE OF ATTORNEY OF RECORD
*Kristal M. Wade*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **PETITIONER,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **APPROXIMATLEY $266,128.11 IN** | § | **JUDGE DAVID GUADERRAMA** |
| **FUNDS FORMERLY ON DEPOSIT IN** | § | |
| **WESTSTAR BANK ACCOUNT** | § | |
| **NUMBER 4190629 HELD IN THE** | § | |
| **NAME OF LESLIE ROBERT BURK** | § | **CIVIL ACTION NO.** |
| **d/b/a/ AMERICAN CONTAINER** | § | |
| **HOMES; and** | § | |
| | § | **EP19CV0015** |
| **APPROXIMATLEY $10,000.00 IN** | § | |
| **FUNDS FORMERLY ON DEPOSIT IN** | § | |
| **WESTSTAR BANK ACCOUNT** | § | |
| **NUMBER 4162021 HELD IN THE** | § | |
| **NAME OF LESLIE ROBERT BURK** | § | |
| **d/b/a/ 3D MEDICAL PRINTING;** | § | |
| | § | |
| **RESPONDENTS.** | § | |

## NOTICE OF COMPLAINT FOR FORFEITURE

On January 11, 2019, the United States of America, by and through its United States

Attorney for the Western District of Texas and the undersigned Assistant United States Attorney,

filed a Verified Complaint for Forfeiture against the properties described below, which is also

specifically described in the Verified Complaint for Forfeiture, and which is subject to forfeiture

to the United States pursuant to Title 18 U.S.C. § 981(a)(1)(C), as properties involved in

violation of Title 18 U.S.C. § 1343, namely:

1. **Approximately $266,128.11 in funds formerly on deposit in WestStar Bank account**
   **number 4190629 held in the name of Leslie Robert Burk d/b/a American Container**
   **Homes; and**

**2. Approximately $10,000.00 in funds formerly on deposit in WestStar Bank account number 4162021 held in the name of Leslie Robert Burk d/b/a 3D Medical Printing,**

hereinafter referred to as the "Respondent Properties."

Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, notice to any person who reasonably appears to be a potential claimant shall be by direct notice. Accompanying this notice is the Verified Complaint for Forfeiture which has been filed in this cause and which describes the Respondent Properties. Pursuant to Supplemental Rule G(4)(b), any person claiming an interest in the Respondent Properties who has received direct notice of this forfeiture action must file a Claim in compliance with Rule G(5)(a), with the court within **thirty-five (35) days after the notice was sent, if delivered by mail (if mailed, the date sent is provided below), or within 35 days of the date of delivery, if notice was personally served**. An Answer or motion under Rule 12 of the Federal Rules of Civil Procedure must then be filed within **twenty-one (21)** days of the Claim being filed. The Claim and Answer must be filed with the Clerk of the Court, 525 Magoffin, Suite 105, El Paso, Texas 79901, and copies of each must be served upon Assistant United States Attorney Kristal M. Wade, 700 E. San Antonio Ave, Suite 200, El Paso, Texas 79901, or default and forfeiture will be ordered. *See* Title 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions.

Failure to follow the requirements set forth above will result in a judgment by default taken against you for the relief demanded in the complaint.

**DATE NOTICE SENT:** _____

JOHN F. BASH
United States Attorney
for the Western District of Texas

By:    _____
Kristal M. Wade
Assistant United States Attorney
New Mexico Bar No. 8204
700 E. San Antonio Ave., Suite 200
El Paso, TX 79901
Tel: 915-534-6884
Fax: 915-534-3461

**RECEIVED**

**JAN 1 4 2019**

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| PETITIONER, | § |
| | § |
| | § |
| v. | § |
| | § |
| APPROXIMATLEY $266,128.11 IN | § |
| FUNDS FORMERLY ON DEPOSIT IN | § |
| WESTSTAR BANK ACCOUNT | § |
| NUMBER 4190629 HELD IN THE | § |
| NAME OF LESLIE ROBERT BURK | § |
| d/b/a/ AMERICAN CONTAINER | § |
| HOMES; and | § |
| | § |
| APPROXIMATLEY $10,000.00 IN | § |
| FUNDS FORMERLY ON DEPOSIT IN | § |
| WESTSTAR BANK ACCOUNT | § |
| NUMBER 4162021 HELD IN THE | § |
| NAME OF LESLIE ROBERT BURK | § |
| d/b/a/ 3D MEDICAL PRINTING; | § |
| | § |
| RESPONDENTS. | § |

JUDGE DAVID GUADERRAMA

CIVIL ACTION NO.

# EP19CV0015

## WARRANT FOR THE ARREST OF PROPERTY

**TO THE FEDERAL BUREAU OF INVESTIGATIONS, UNITED STATES MARSHALS SERVICE, OR OTHER AUTHORIZED LAW ENFORCEMENT OFFICER OR ANY OTHER PERSON OR ORGANIZATION AUTHORIZED BY LAW TO ENFORCE THE WARRANT:**

WHEREAS, on January 11, 2019, Petitioner United States of America, by its attorneys, John F. Bash, United States Attorney for the Western District of Texas, and Assistant United States Attorney Kristal M. Wade, filed a Verified Complaint for Forfeiture in the United States District Court for the Western District of Texas, against Approximately $266,128.11 in Funds Formerly on Deposit in WestStar Bank Account Number 4190629 Held in the Name of Leslie Robert Burk d/b/a American Container Homes, and Approximately $10,000.00 in Funds

Formerly on Deposit in WestStar Bank Account Number 4162021 Held in the Name of Leslie Robert Burk d/b/a 3D Medical Printing, seized on or about August 7, 2018, in El Paso, Texas, in the Western District of Texas (hereinafter referred to as the "Respondent Properties"), alleging that the Respondent Properties are subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. § 981(a)(1)(C), as properties involved in violation of Title 18 U.S.C. § 1343, and

WHEREAS an Order has been entered by the United States District Court for the Western District of Texas that a Warrant for Arrest of Property be issued as prayed for by Petitioner United States of America,

YOU ARE THEREFORE COMMANDED to arrest the Respondent Property as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody or control the Respondent Property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court, including designating a substitute custodian or representative for the purposes of maintaining the care and custody of the Respondent Property and to make a return as provided by law.

SIGNED this _____ day of January, 2019.

JEANNETTE J. CLACK
United States District Clerk
Western District of Texas

By:  _____

Deputy

2

**RECEIVED**

**JAN 1 4 2019**

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br><br>PETITIONER, §<br><br>v. §<br><br>APPROXIMATLEY $266,128.11 IN §<br>FUNDS FORMERLY ON DEPOSIT IN §<br>WESTSTAR BANK ACCOUNT §<br>NUMBER 4190629 HELD IN THE §<br>NAME OF LESLIE ROBERT BURK §<br>d/b/a/ AMERICAN CONTAINER §<br>HOMES; and §<br><br>APPROXIMATLEY $10,000.00 IN §<br>FUNDS FORMERLY ON DEPOSIT IN §<br>WESTSTAR BANK ACCOUNT §<br>NUMBER 4162021 HELD IN THE §<br>NAME OF LESLIE ROBERT BURK §<br>d/b/a/ 3D MEDICAL PRINTING; §<br><br>RESPONDENTS. § | **JUDGE DAVID GUADERRAMA**<br><br>**CIVIL ACTION NO.**<br><br>**EP19CV0015** |

### ORDER FOR WARRANT OF ARREST OF PROPERTY

WHEREAS, on January 11, 2019, Petitioner United States of America, by its attorneys,

John F. Bash, United States Attorney for the Western District of Texas, and Assistant United

States Attorney Kristal M. Wade, filed a Verified Complaint for Forfeiture in the United States

District Court for the Western District of Texas, Approximately $266,128.11 in Funds Formerly

on Deposit in WestStar Bank Account Number 4190629 Held in the Name of Leslie Robert Burk

d/b/a American Container Homes, and Approximately $10,000.00 in Funds Formerly on Deposit

in WestStar Bank Account Number 4162021 Held in the Name of Leslie Robert Burk d/b/a 3D

Medical Printing, seized on or about August 7, 2018, in El Paso, Texas, in the Western District

of Texas (hereinafter referred to as the "Respondent Properties"), alleging that the Respondent

Properties are subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. § 981(a)(1)(C), as properties involved in violation of Title 18 U.S.C. § 1343,

IT IS THEREFORE ORDERED that a Warrant for the Arrest of Property against the Respondent Properties issue as prayed for, and that the Federal Bureau of Investigations, United States Marshals Service, or any other law enforcement officer, or any other person or organization authorized by law to enforce the warrant, be commanded to arrest the Respondent Properties and take it into possession for safe custody as provided by Rule G, Supplemental Rules of Federal Rules of Civil Procedure, until further order of the Court, and to use whatever means may be appropriate to protect and maintain it in their custody, including designating a substitute custodian or representative for the purposes of maintaining the care and custody of the Respondent Property, and to make a return as provided by law.

SIGNED this _____ day of January, 2019.

_____
UNITED STATES DISTRICT JUDGE